UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CINDY LOVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00038-PLC |
| ) | |
| SHERIFF STEPHEN KORTE, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to stay all pretrial and trial proceedings pending resolution of an interlocutory appeal recently filed by Defendants Josh Baker, Josh Langley, and Joseph Minor [ECF No. 69]. Plaintiff filed this action under 42 U.S.C. § 1983 against three law enforcement officer Defendants challenging as a violation of the Fourth Amendment their warrantless search of Plaintiff's home and seizure of Plaintiff's personal property in September 2014. Plaintiff also pursues a § 1983 claim against a fourth Defendant, sued only in his official capacity, under Monell v. Department of Social Servs., 436 U.S. 658 (1978), for the alleged violation of Plaintiff's right to Due Process due to the continued retention of the seized property, without a hearing. Plaintiff did not file opposition to Defendants' motion to stay. See Local Rule 7-4.01(B).

On January 14, 2019, the Court denied Defendants' motion for summary judgment which, in relevant part, presented qualified immunity issues with respect to three Defendants and issues under Monell, supra, with respect to the fourth Defendant. See Order, filed Jan. 14, 2019 [ECF No. 66]. The three Defendants who were denied qualified immunity filed a notice of

interlocutory appeal on February 6, 2019.  See Notice of Appeal [ECF No. 67].  The fourth Defendant did not file a notice of appeal.  See id.

Citing Kahle v. Leonard, 477 F.3d 544, 549 (8th Cir. 2007), Defendants assert that the denial of a motion for summary judgment on qualified immunity grounds is immediately appealable.  Defendants urge "[t]he most reasonable and prudent course of action, and the best use of the Court's resources, is to stay proceedings pending the resolution of [the] interlocutory appeal."

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (internal quotation marks omitted) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)).  "Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand." Johnson v. Hay, 931 F.2d 456, 459 n. 2 (8th Cir. 1991).

Because part of the case, the part involving the fourth Defendant who could not and did not present qualified immunity issues as a basis for summary judgment, is not part of the interlocutory appeal, and without resolving whether this Court "retains jurisdiction [over Plaintiff's claim against the fourth Defendant] during the pendency of the interlocutory appeal" by the other three Defendants, the Court grants the motion to stay.  Union Elec. Co. v. Aegis Energy Syndicate 1225, No. 4:12CV877 JCH, 2012 WL 4936572, at * 2 (E.D. Mo. Oct. 17, 2012) (concluding the "Court need not decide if it retains jurisdiction during the pendency of the interlocutory appeal, as a stay of the proceedings is in the interests of justice and judicial

economy in order to prevent waste of resources, avoid inconsistent rulings, and reduce uncertainty").

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendants' unopposed motion to stay [ECF No. 69] is **GRANTED**.

**IT IS FURTHER ORDERED** that the proceedings before this Court are **STAYED** until the Eighth Circuit's resolution of the interlocutory appeal.

**IT IS FINALLY ORDERED** that, within ten days after resolution of the interlocutory appeal, the parties shall file a joint statement of their three proposed trial dates. The Court will reschedule the trial date, set the pretrial material filing deadlines, and reschedule the final pretrial conference after resolution of the interlocutory appeal.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2019